**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDITA EMERITA PINTO HIDALGO,

Petitioner,

v.

Case No. 2:26-cv-00340-MIS-JMR

PAMELA BONDI, in her official capacity as U.S. Attorney General; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Director of the El Paso Field Office, U.S. Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden, Otero County Processing Center,

Respondents.

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Petitioner Edita Emerita Pinto Hidalgo's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed February 4, 2026, in the United States District Court for the District of Minnesota, and subsequently transferred to this District, ECF Nos. 8, 9. Petitioner is a citizen of Ecuador who came to the United States on August 4, 2023, crossing the border near San Luis, Arizona. Pet. ¶¶ 41-42. After crossing into the United States, Petitioner was briefly detained and subsequently released on her own recognizance on August 8, 2023. Id. ¶ 43. Petitioner applied for asylum on or about August 31, 2023, and her application remains pending. Id. ¶¶ 43-45. She has never missed a check-in, id. ¶ 52, she has followed all Immigration Court instructions, id. ¶ 56, she has no criminal history, id., and there is no order for Petitioner's removal, id. ¶ 44.

Nevertheless, on January 22, 2026, agents with United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody during her regular check-in at the Immigration Court. Id. ¶ 53. Prior to her detainment, her immigration status had not changed. Id. ¶ 54. No ICE agent showed her a warrant or authorization for her arrest. Id. ¶ 55. Respondents are purporting to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2), a statute that requires mandatory detention for "arriving aliens" who are "seeking admission" before an "examining immigration officer" at the border or port of entry. Id. ¶ 72.

On February 4, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents transfer Petitioner back to Minnesota and then release her. Id. at 22. The record reflects that the Clerk's Office served the Federal Respondents with the Petition on February 10, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 10.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the Petition should not be granted. Respondents are reminded that this Court has already decided the issues presented by the Petition and granted relief similar to that requested by Petitioner here. See Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); Order Granting Petition for Writ of Habeas Corpus, Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR (D.N.M. Feb. 2, 2026) (same); see also Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873

(D.N.M. Jan. 13, 2026) (ordering a bond hearing); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (same). In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

It is **FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing her from the United States during the pendency of this habeas action.

It is **FINALLY ORDERED** that the Federal Respondents shall forthwith provide a copy of this Order to counsel for Respondent Dora Castro, Tina M. Gooch, at TMG@SUTINFIRM.COM.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE