IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDITA EMERITA PINTO HIDALGO,

    Petitioner,

v.

PAMELA BONDI, in her official capacity as U.S. Attorney General; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Director of the El Paso Field Office, U.S. Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden, Otero County Processing Center,

    Respondents.

Case No. 2:26-cv-00340-MIS-JMR

## ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

**THIS MATTER** is before the Court on Petitioner Edita Emerita Pinto Hidalgo's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed February 4, 2026, in the United States District Court for the District of Minnesota, and subsequently transferred to this District, ECF Nos. 8, 9. Therein, Petitioner asks the Court to, inter alia, issue a writ of habeas corpus and "[o]rder the immediate transfer to Minnesota then humane release of Petitioner[.]" Pet. at 22.

On February 10, 2026, the Clerk's Office served Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 10.

On February 10, 2026, the Court issued an Order to Show Cause, ECF No. 11, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days. Id. at 1.  The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here." Id. (citing Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026); Order Granting Petition for Writ of Habeas Corpus, Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR (D.N.M. Feb. 2, 2026); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026)).

On February 24, 2026, the Federal Respondents filed a Response to the Petition. ECF No. 14.  Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), id. at 2, and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention[,]" id. at 3.  Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2.  Counsel did not respond to Petitioner's request that she be returned to Minnesota and humanely released.

2

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 14.

Pursuant to 28 U.S.C. § 2243, the Court further finds that because Petitioner was detained unlawfully in Minnesota and transported to New Mexico, justice requires that Respondents transport Petitioner back to Minnesota at Respondents' expense. See also Diallo v. Baltazar, No. 1:25-CV-3548-SKC, 2026 WL 237296, at *3–4 (D. Colo. Jan. 29, 2026) (ordering the petitioner's immediate release from detention but ordering that the petitioner remain in the respondents' "temporary custody for the sole purpose of respondents effectuating his return to Newark, New Jersey"); Chogllo v. Warden of McCook Det. Ctr., No. 8:26-CV-54, 2026 WL 393137, at *2 (D. Neb. Feb. 11, 2026) (ordering petitioner released and returned to Minnesota with no new conditions); Elmer A.G.C. v. Noem, No. CV 26-763 (JRT/DJF), 2026 WL 266565, at *1-2 (D. Minn. Feb. 2, 2026) (ordering petitioner released in Minnesota); Alexis D. A. M. v. Bondi, No. CV 26-447 (JRT/ECW), 2026 WL 194513, at *2 (D. Minn. Jan. 26, 2026) (ordering petitioner released in Minnesota); Luis E. M. C. v. Bondi, No. CV 26-333 (JRT/DTS), 2026 WL 184538, at *3 (D. Minn. Jan. 23, 2026) (ordering petitioner released in Minnesota).

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Therefore, it is **HEREBY ORDERED** that:

1. The Verified Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Edita Emerita Pinto Hidalgo from custody/detention without restraints beyond those that existed before her unlawful detention; however, she shall remain in Respondents' temporary custody for the sole purpose of effectuating her transport back to Minnesota;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Within 72 hours, Respondents **SHALL** transport Petitioner, at their own expense, to and release Petitioner within the State of Minnesota at a safe time and place previously communicated to Petitioner's Counsel and with all Petitioner's personal effects including but not limited to his driver's license, passport, immigration documents, cellular telephone, and keys;[1]

---

[1] If transport and release within 72 hours is a practical impossibility, Respondents may move for an extension.

5.    Counsel for Federal Respondents is **ORDERED** to provide a copy of this order to Counsel for the Warden of the Otero County Detention Center forthwith;

6.    Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release and transport to Minnesota are effectuated; and

7.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE